656

Lisa BOGART, et al. *v.* NEBRASKA STUDENT LOAN
PROGRAM, et al.

93-152                                    858 S.W.2d 78

Supreme Court of Arkansas
Opinion delivered July 5, 1993

*Everett O. Martindale*, for appellants.

*The Rose Law Firm, A Professional Association*, by: *Sam
P. Strange, Jr.* for appellee Integra National Bank North.

*Mitchell, Williams, Selig, Gates & Woodyard*, by: *Susan
Gordan Gunter* and *Phillip A. Pesek*; and *Keating & Shure*, by:
*Mark E. Shure*, for appellee Higher Education Assistance

Foundation.

*Gill, Fleming & Elrod*, by: *Glenn E. Kelly*, for appellee Student Loan Marketing Association.

*Hargis & Wood*, by: *David M. Hargis*, for appellees Nebraska Student Loan Program, Nebraska Higher Education Loan Program, Inc., Unipac Service Corporation, and Union Bank and Trust Company of Lincoln, Nebraska.

STEELE HAYS, Justice. This is a declaratory judgment action. Appellants (plaintiffs below) are twenty-three former students of Stenograph Institute of North Arkansas (SIA). Appellees are Integra National Bank North (formerly Pennbank Student Loan Center), Nebraska Student Loan Program, Nebraska Higher Education Loan Program, Inc., Unipac Service Corporation, Union Bank and Trust Company of Lincoln, Nebraska, Student Loan Marketing Association, d/b/a Sallie Mae, Sallie Mae-LSCKS Western Loan Marketing Association, and other institutions involved in the guaranteed student loan program as lenders, secondary market purchasers and guarantors under the Guaranteed Student Loan Program (GSLP) established pursuant to provisions of Title VI, Part B of the Higher Education Act (HEA), 20 U.S.C. §§ 1070—1099 (1989).

Appellants had previously obtained a consent judgment of $200,000 against Educorp International, Inc., d/b/a SIA, based on allegations of fraud and breach of contract in that SIA did not provide them with the education it promised. The judgment was for $100,000 compensatory damages and $100,000 punitive damages.

Unable to collect the judgment, appellants filed this action to declare invalid the student loans that had enabled them to attend SIA. Appellants alleged that appellees were liable for SIA's fraud and breach of contract because SIA acted as the agent of the appellees in making guaranteed student loans to appellants. Appellees responded with motions to dismiss for failure to state a claim for which relief could be granted, for lack of jurisdiction over the appellees, preemption under federal law and lack of agency as a matter of law.

A hearing was held and the motion to dismiss was granted on the premise that appellants' claims were preempted by the

federal law governing the Guaranteed Student Loan Program and for lack of an agency relationship between SIA and the appellees. Appellants appeal on two points of error. We affirm the order.

I

## The Court Erred In Its Finding That The Claims Founded Upon Agency Are Not Available to Plaintiffs Because These Claims Are Preempted By The Federal Law Governing The Guaranteed Student Loan Program

Appellants reason that although it is clear their contracts with SIA were breached and they were the victims of fraud, no remedy is afforded them under federal law. Therefore, they argue, if they have no remedy under state law, they are without a remedy entirely. The only provision for avoidance under federal law is if the borrower becomes totally and permanently disabled, dies or obtains a discharge in bankruptcy. They contend that the denial of state law defenses of fraud and breach of contract constitutes a denial of due process and equal protection.

We first mention that appellants cite neither case law nor other authority and we have often pointed out that we are not bound to consider an argument unsupported by pertinent authority. *Brooks* v. *State*, 308 Ark. 660, 827 S.W.2d 119 (1992); *Dixon* v. *State*, 260 Ark. 857, 545 S.W.2d 606 (1977).

Appellees rely on two cases which address the issue now presented: *Graham* v. *Security Savings & Loan*, 125 FRD 687 (N.D. Ind. 1989), affirmed on other grounds sub. nom., *Veal* v. *First American Savings Bank*, 914 F.2d 909 (7th Cir. 1990), and *Molina* v. *Crown Business Institute*, No. 24322/88 (N.Y. Sup. Ct., Sept. 10, 1990). Both the *Graham* and *Molina* courts held that under the HEA a borrower's liability may be discharged only if the borrower dies, becomes permanently disabled or is discharged in bankruptcy. 20 U.S.C. § 1079(a)(b). Finding the federal law governing guaranteed student loans detailed and extensive, those courts held federal law preempted the plaintiffs' state law remedy of rescission.

On appeal, the Court of Appeals for the Seventh Circuit affirmed *Graham, supra*, expressly grounding affirmance on the failure to state a claim for fraud, and not on preemption. The *Veal*

court pointedly observed that "if sued by a lender in state court for collection of one of these loans, each of these plaintiff students would be entitled to assert any defenses available under state law that are applicable to his or her particular loan." *See Veal, supra*, at 914, footnote 7.

In the case before use, we believe the trial court ruled correctly on the preemption issue to the extent that HEA *generally* preempts claims brought in state court. *See Tipton* v. *Secretary of Education of the United States*, 768 F. Supp. 540 (S.D.W.Va. 1991). The court in *Tipton* acknowledged the highly regulated nature of GSLP, but it also recognized the likelihood that Congress did not intend to preempt all borrower defenses available in state actions challenging the underlying obligation:

> Like the *Veal* court [*Veal* v. *First American Savings Bank*, 914 F.2d 909 (7th Cir. 1990)], this court is unable to conclude that, by setting forth certain enumerated circumstances in which the GSLP loan obligation may be discharged, Congress intended to infer preemption of any other state based defenses to the validity and enforceability of the underlying obligation. Indeed, given Congress express reference to a binding obligation under the applicable law in 20 U.S.C. § 1077 as a condition precedent to governmental insurability of a GSLP loan, it seems rather apparent that the overall scheme of the HEA presupposes the existence of a validly enforceable loan obligation under state law not withstanding the extensive regulatory framework within which the program functions.

*Tipton* at 555-556.

■ However, we need not reach the question of federal preemption for all purposes under HEA because it is clear the remedy sought by appellants rests on a theory which conflicts with federal law and by virtue of that conflict the preemption doctrine still applies. That is, in those areas where Congress has not completely displaced state law, to the extent state and federal laws conflict, preemption applies. *Tipton, supra*, citing *California* v. *Guerra*, 479 U.S. 272 (1987).

■ Appellant's claim to declaratory relief is grounded on an agency relationship between the appellees and SIA, that

supplying loan application and forms directly to the applicants and having the authority to grant the loan itself, constitutes a sufficient basis in fact for an agency between the school and the appellees. Assuming, without deciding, that these factors are sufficient for a determination that an agency relationship exists, we affirm the holding that appellants' causes of action are preempted. Both factors cited by appellants are constituent parts of the HEA. The supplying of forms is an integral step in an HEA loan transaction and, obviously, the granting of the loan itself is the basic purpose for which the HEA is created. *See* 20 U.S.C. 1078(a)(2); *Tipton* v. *Secretary of Education, supra,* at 558. In *Tipton,* the students advanced similar theories to those asserted by these appellants, i.e., the "close connectedness" between the school and the lender, as evidenced by the loan procedures. The *Tipton* court held that state claims were preempted under the HEA, rationalizing that to uphold state claims would subject a lender to state law by simply complying with federal regulations. The court sustained the federal preemption theory because compliance with both state law and federal regulations would be impossible. Citing *Guerra, supra,* at 281, the court concluded:

> Consequently, plaintiff's cause of action against the bank defendants must fail to the extent that it is predicated on an assertedly close connectedness with [the school], which connection allegedly results from actions taken by the banks, *which are expressly dictated by the terms of the federal act and regulations.* [Our emphasis.]

That same principle is fully applicable in this case. Appellants' allegations of conduct on the part of appellees coincide precisely with the conduct outlined in the HEA necessary to put the loans into effect. As it would be an impossibility for appellees to comply with the dictates of HEA and not incur liability under state law, the actions are preempted.

Affirmed.